**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| **BARRON BALDWIN** )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**KING COUNTY SHERIFF'S OFFICE**, )<br>and **SUSAN RAHR** individually and in her )<br>official capacities; and **JOHN DOE RAHR**, )<br>and their marital community; **DAVID** )<br>**REICHERT**, individually and in his official )<br>capacity, and **JANE DOE REICHERT** and )<br>their marital community; and **MARK** )<br>**TONER** individually and in his official )<br>capacity, and **JANE DOE TONER** and )<br>their marital community; and **SCOTT** )<br>**SOMERS** individually and in his official )<br>capacity, and **JANE DOE SOMERS** and )<br>their marital community; and the **CITY OF DES** )<br>**MOINES**, a political subdivision of the )<br>State of Washington, )<br>)<br>Defendants. ) | **FIRST AMENDED COMPLAINT FOR DAMAGES** |

COMES NOW the above-named Plaintiff and for his Complaint states:

Law Offices of Robert Butler
103 E. Holly # 512
Bellingham, WA 98225
360-734-3448

## *JURISDICTION AND VENUE*

1.1_    This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

1.2_    All acts complained of occurred in King County, within the Western District of Washington.  All parties are believed and therefore alleged to reside in King County, Washington.

## *PARTIES*

2.1    Plaintiff BARRON BALDWIN (herein after referred to as BALDWIN or Plaintiff) is a former employee of Des Moines Police Department at all times relevant to this case, assigned to the King County Sheriff's Office.

2.2    Defendant King County Sheriff's Office (KCSO) has its headquarters in Seattle, Washington, which is in King County Washington.

2.3    Defendant Susan Rahr is believed and therefore alleged to be the current King County Sheriff.  Defendant Susan Rahr is believed and therefore alleged to have been the Chief of the King County Sheriff's Office during the time relevant to this complaint.

2.4    Defendant John Doe Rahr is believed and therefore alleged to be the spouse of Defendant Susan Rahr.

2.5    Defendant David Reichert was the Sheriff of King County Sheriff's Office during all times relevant to this complaint.

2.6    Defendant Jane Doe Reichert is believed and therefore alleged to be spouse of

COMPLAINT FOR
DAMAGES - Page 2
052E1675.305

Law Offices of Robert Butler
103 E. Holly # 512
Bellingham, WA 98225
360-734-3448

Defendant David Reichert.

2.7    Defendant Mark Toner is believed and therefore alleged to be a detective with the Defendant Sheriff's Office at all times relevant to this complaint.

2.8    Defendant Jane Doe Toner is believed and therefore alleged to be the spouse of Defendant Mark Toner.

2.9     Defendant Scott Somers is believed and therefore alleged to be the precinct commander for the Southwest Precinct of the Defendant Sheriff's Office at all times relevant to this complaint.

2.10    Defendant Jane Doe Somers is believed and therefore alleged to be the spouse of Defendant Scott Somers.

2.11    Defendant Des Moines is a political subdivision of the State of Washington, located in King County, Washington.


## *FACTS*

3.1    Plaintiff was employed by the Des Moines Washington police department beginning December 16, 1999.  Plaintiff had dreamed of being a police officer since he was a young boy.  He graduated from Mt. Ranier High School in Des Moines in 1985 and has maintained his home in Des Moines since moving there with his parents in 1981.

3.2    Plaintiff was partnered with Officer Steven Underwood who was killed in the line of duty on March 7, 2001 with Plaintiff being the first on the scene and attempting to keep his partner alive while awaiting medic response.  Plaintiff then spent the following four hours, soaked in his partner's blood, running with two different K-9 teams hunting for the killer, all the while vowing to never allow a partner to be harmed again.

3.3    Plaintiff sought and was assigned to the Special Enforcement Unit,  Neighborhood Drug Enforcement Team (NDET) in February 2003, a King County Sheriff's Office task force charged with the most dangerous task of dealing with gangs and drugs.

COMPLAINT FOR
DAMAGES - Page 3
052E1675.305

Law Offices of Robert Butler
103 E. Holly # 512
Bellingham, WA 98225
360-734-3448

3.4     Plaintiff was paid indirectly by Defendant King County Sheriff's Office and was at all times under the control and direction of King County Sheriff's Office as a part of NDET.

3.5     On September 12, 2003 Plaintiff was involved in a shooting incident which resulted in a notorious gang member being killed.  Plaintiff performed his duties above reproach and was justified at the subsequent routine inquest hearing.

3.6     Following the shooting, Plaintiff immediately learned of death threats against himself, his family and partners.  Defendants KCSO, Des Moines, Reichert, Rahr, Toner & Somers knew of the threats and deemed the threats credible yet provided no protection or assistance to the Plaintiff or his family.  Since no protective detail was assigned to the Baldwin home, Plaintiff Barron Baldwin was forced to sit up nights, armed and ready while his family slept or attempted to sleep.

3.7     Following the shooting, rather than following normal police practice and policy of placing an officer involved in a shooting on leave and providing psychological counseling followed by reassignment for a period of time, Defendant KCSO, overseen by Defendants Reichert and Rahr, and the City of Des Moines, almost immediately returned Plaintiff to the NDET unit because of his expertise and skill.  Defendant KCSO, overseen by Defendants Reichert and Rahr, and the City of Des Moines, knew or should have known the psychological impact a shooting incident would have on Plaintiff in light of his former partner being killed in the line of duty, followed by credible death threats against Plaintiff and his family and partners.

3.8     Because of Defendant KCSO's, overseen by Defendants Reichert and Rahr, and the City of Des Moines' actions in assigning Plaintiff to the same unit, Plaintiff was required to participate in the search of a home of one of the gang members who had threatened Plaintiff and his family.

3.9     On October 22, 2003, while Plaintiff Baldwin was still assigned by Defendant KCSO and the City of Des Moines to investigate those who were threatening his life and the lives of his family and partners, Plaintiff contacted a confidential informant who was believed to have relevant information as well as ability to

COMPLAINT FOR
DAMAGES - Page 4
052E1675.305

Law Offices of Robert Butler
103 E. Holly # 512
Bellingham, WA 98225
360-734-3448

assist Plaintiff and his partners with the investigation.  The confidential informant was known to have outstanding warrants as well as extensive criminal history which is common for informants.

3.10    The informant claimed to know where the gang leaders were hiding weapons and claimed to have the ability to buy drugs from the gang.  Plaintiff and his partners were understandably eager to make arrests of those who were placing death threats against them and who had placed a reward for the death of Plaintiff in the amount of $10,000.

3.11    Defendants KCSO, Reichert and Rahr, and the City of Des Moines, knew or should have known this was a very dangerous situation to place Plaintiff in and therefore should not have directed Plaintiff to return to the same unit.

3.12    On October 25, 2003 Des Moines officer Celis, not a member of NDET but who was present for some of the events of October 22, 2003, reported that Plaintiff and his partners had "roughed up" the informant and threatened to throw him into the Green River, which was the location where Plaintiff and his partners had met with the informant to identify a drug operation associated with the gang in question.

3.13    Defendant Mark Toner assigned the case to himself, which is believed and therefore alleged to be a violation of procedure and common practice of Defendant King County Sheriff's Office.

3.14    Toner interviewed Celis regarding his allegations against Plaintiff.  Defendants also interviewed King County Deputy Benjamin Wheeler, who had been present during the incident with the confidential informant on October 22, 2003.  Deputy Wheeler's statement differed in material respects from that of Officer Celis.

3.15    On Saturday October 25, 2003, Defendant King County Sheriff's Office, under the supervision of Defendant Reichert and Rahr, and it is believed and therefore alleged to have included Defendants Mark Toner and Scott Somers, and the City of Des Moines, devised a plan to secure the arrest and detention of Plaintiff by having him ordered to report to work using the ruse of a fictitious homicide investigation. It had already been decided Plaintiff would be arrested and booked into the King County Jail upon his arrival.

COMPLAINT FOR
DAMAGES - Page 5
052E1675.305

Law Offices of Robert Butler
103 E. Holly # 512
Bellingham, WA 98225
360-734-3448

3.16    The decision to arrest and detain Plaintiff on felony charges was made prior to any of the any of the Defendants' contacting the alleged victim of this allegation, the confidential informant.  This decision to arrest and detain prior to contacting the alleged victim is contrary to law enforcement practice and Defendant KCSO's own policy.  Each of the Defendants were aware of this violation and proceeded in disregard of the policy and Plaintiff's rights.  Probable cause for Plaintiff's arrest had not been established at the time Defendants met and agreed to arrest Plaintiff. In making the decision and the arrest, Defendants acted in willful, wanton and reckless disregard of and deliberate indifference to Plaintiff's federal Constitutional rights.

3.17    When the confidential informant was finally interviewed, his story differed materially from that of Officer Celis and Deputy Wheeler.

3.18    Upon being required to leave his daughter's party, on October 25, 2003, Plaintiff reported for work and was immediately arrested, stripped of his badge and weapon and transported to the King County Jail, being there booked on the charge of suspicion of the felony charge of unlawful imprisonment all in a manner different and more extreme than a similarly situated citizen.

3.19    Other law enforcement officers, notably Victor Celis and Benjamin Wheeler, were not arrested and booked into jail by the KCSO for conduct similar to and more egregious than that of the Plaintiff.

3.20    Plaintiff invoked his Fifth Amendment right to remain silent, and did not give any statement regarding what had occurred on October 22, 2003.  Defendant Rahr later used this against Plaintiff, thereby violating his Fifth Amendment rights.

3.21    Defendants Mark Toner and Scott Somers, under the supervision of Defendants Rahr and Reichert, took particular care in maximizing the humiliation and emotional trauma being inflicted on Plaintiff by maintaining Plaintiff in the booking area for an extended period of time where Plaintiff  was exposed to fellow officers as well as other citizens, many of whom Plaintiff  had arrested earlier, as well as finally housing Plaintiff in the Administrative Segregation unit which houses the most violent offenders.  This was the same section of the jail housing

COMPLAINT FOR
DAMAGES - Page 6
052E1675.305

Law Offices of Robert Butler
103 E. Holly # 512
Bellingham, WA 98225
360-734-3448

Mr. Champion, the person awaiting trial and ultimately convicted of killing Plaintiff's partner, along with many other notorious accused individuals, many of whom Plaintiff had investigated or participated in the arrest. Plaintiff was held for 72 hours in these deplorable conditions, which is much longer than a similarly situated citizen.

3.22   Plaintiff continues to suffer from the emotional toll exacted upon him by his incarceration and being treated in the same or worse fashion as Plaintiff's partner's killer.

3.23   While Plaintiff Barron Baldwin was in custody, many friends and fellow officers came to the house in a show of support, similar to the grieving process observed following Underwood's shooting, causing the Plaintiff's children to experience extreme emotional trauma.

3.24   On October 25, 2003, prior to having interviewed the confidential informant, defendant Mark Toner completed the Superform and Statement of Probable Cause: Non-VCUSA Felony. The sworn Statement of Probable Cause included false statements and omitted material facts.

3.25   Following Plaintiff's arrest, Defendants David Reichert and Susan Rahr made public statements which were known to be false, with the intent to defame, humiliate and damage Plaintiffs reputation and standing in the law enforcement community as well as the public in general.

3.26   Following Plaintiff's arrest and prior to trial, Defendants Mark Toner and Scott Somers, under the supervision of Defendants Rahr and Reichert, and the City of Des Moines, received numerous informant tips which were exculpatory to Plaintiff in nature. Defendants did not pursue these tips and in fact specifically directed that some reports taken be knowingly deleted from the computer system known as IRIS, and in so doing violated Plaintiff Baldwin's constitutional rights. This further demonstrates that Plaintiff's prosecution was handled in a different and harsher fashion than other citizens similarly accused.

3.27   Despite Defendants Mark Toner's and Scott Somers' knowledge, under the supervision of Defendants Rahr and Reichert, that the confidential informant

COMPLAINT FOR
DAMAGES - Page 7
052E1675.305

Law Offices of Robert Butler
103 E. Holly # 512
Bellingham, WA 98225
360-734-3448

denied he was assaulted or unlawfully imprisoned, and in spite of the fact that the Defendants Toner and Somers knew the informant was not credible and had a criminal history related to credibility issues, Defendants pursued the prosecution, forcing addition emotional trauma on Plaintiff.  Following trial, which resulted in a hung verdict, the Prosecutor's office dismissed all charges against Plaintiff. Defendant Rahr shortly thereafter admitted the conduct was not criminal in an email to the King County Sheriff's Office.

3.28    Defendant Rahr, after the dismissal of the charges against Plaintiff and stating that Plaintiff's conduct was not criminal, terminated Plaintiff's employment from the NDET unit and association with the King County Sheriffs Office.

3.29    Defendant City of Des Moines terminated Plaintiff's employment on October 31, 2004.

3.30    Defendants knew or should have known the mental state of Plaintiff following the shooting of his partner, the shooting incident with the gang members, death threats against him, his family and partners and therefore had a duty to protect Plaintiff and assist Plaintiff with those issues.  Defendants breached said duty.

3.31    In all of these actions, Defendants, and each of them, acted with willful, wanton and reckless disregard of and deliberate indifference to Plaintiff's federal Constitutional rights.

3.32    As a result of Defendants' actions, Plaintiff has suffered severe emotional distress, humiliation, pain and suffering, anxiety, as well as loss of pay and irreversible damage to his reputation and career.

### FIRST CAUSE OF ACTION:
### VIOLATION OF 42 U.S.C. § 1983 – UNREASONABLE SEARCH AND SEIZURE

4.1    Plaintiff realleges paragraphs 1.1 through 3.32 as if fully set forth herein.

4.2    Defendants, and each of them, were at all times acting under the color of the laws of the State of Washington.

4.3    The Fourth Amendment to the United States Constitution guarantees the right for citizens to be free from unreasonable seizure or arrest. The Fourteenth Amendment to the United States Constitution guarantees the

COMPLAINT FOR
DAMAGES - Page 8
052E1675.305

Law Offices of Robert Butler
103 E. Holly # 512
Bellingham, WA 98225
360-734-3448

right for citizens to be free from unreasonable seizure or arrest without due process of law.

4.4    Defendants, and each of them, deprived Plaintiff Barron Baldwin of his rights under the Fourth and Fourteenth Amendments by arresting them without probable cause and without due process of law.

4.5    Defendants, and each of them, acted with willful, wanton, and reckless disregard of and deliberate indifference to plaintiff's Federal and State Constitutional rights.

4.6    As a direct and proximate result of defendants' unlawful conduct, plaintiff Barron Baldwin has suffered and continues to suffer wage loss, emotional distress, humiliation, and other damages in amounts to be proven at trial.

## *SECOND CAUSE OF ACTION:*

## *VIOLATION OF 42 U.S.C. § 1983 – MALICIOUS PROSECUTION*

## *AND ABUSE OF PROCESS*

5.1    Plaintiff realleges paragraphs 1.1 through 4.6 as if fully set forth herein.

5.2    Defendants, and each of them, were at all times acting under the color of the laws of the State of Washington.

5.3    Defendants, and each of them, prosecuted plaintiff Barron Baldwin with malice and without probable cause and they did so for the purpose of denying plaintiff's Constitutional rights.

5.4    Defendants, and each of them, misused the criminal justice process for illegitimate ends.

5.5    Defendants, and each of them, acted with willful, wanton, and reckless disregard of and deliberate indifference to plaintiff's Federal and State Constitutional rights.

5.6    As a direct and proximate result of defendants' unlawful conduct, plaintiff Barron Baldwin has suffered and continues to suffer wage loss, emotional distress, humiliation, and other damages in amounts to be proven at trial.

## *THIRD CAUSE OF ACTION:*

COMPLAINT FOR
DAMAGES - Page 9
052E1675.305

Law Offices of Robert Butler
103 E. Holly # 512
Bellingham, WA 98225
360-734-3448

### *VIOLATION OF 42 U.S.C. § 1983 – FIFTH AMENDMENT RIGHTS*

6.1    Plaintiff realleges paragraphs 1.1 through 5.6 as if fully set forth herein.

6.2    Defendants, and each of them, were at all times acting under the color of the laws of the State of Washington.

6.3    By their acts and conduct, defendants King County and Rahr violated plaintiff Barron Baldwin's Fifth Amendment Rights against self-incrimination by penalizing him for invoking his constitutional right to remain silent upon his arrest.

6.4    Defendants, and each of them, acted with willful, wanton, and reckless disregard of and deliberate indifference to plaintiff's Federal and State Constitutional rights.

6.5    As a direct and proximate result of defendants' unlawful conduct, plaintiff Barron Baldwin has suffered and continues to suffer wage loss, emotional distress, humiliation, and other damages in amounts to be proven at trial.

### *FOURTH CAUSE OF ACTION:*

### *VIOLATION OF 42 U.S.C. § 1983 – CIVIL CONSPIRACY*

7.1    Plaintiff realleges paragraphs 1.1 through 6.5 as if fully set forth herein.

7.2    Defendants, and each of them, were at all times acting under the color of the laws of the State of Washington.

7.3    Defendants, and each of them, conspired to arrest plaintiff Barron Baldwin without probable cause, thereby violating his Fourth Amendment Constitutional rights. Defendants, and each of them, acted with willful, wanton, and reckless disregard of and deliberate indifference to plaintiff's Federal and State Constitutional rights.

7.4    As a direct and proximate result of defendants' unlawful conduct, plaintiff Barron Baldwin has suffered and continues to suffer wage loss, emotional distress, humiliation, and other damages in amounts to be proven at trial.

### *FIFTH CAUSE OF ACTION:*

COMPLAINT FOR
DAMAGES - Page 10
052E1675.305

Law Offices of Robert Butler
103 E. Holly # 512
Bellingham, WA 98225
360-734-3448

## *DEFAMATION*

8.1    Plaintiff realleges paragraphs 1.1 through 7.4 as if fully set forth herein.

8.2    By their acts and conduct, King County, Reichert, Rahr, and Somers defamed plaintiff Barron Baldwin by making public statements about him either knowing the statements were false, or with reckless disregard for the truth of the statements. These statements were not privileged.

8.3    As a direct and proximate result of defendants' unlawful conduct, plaintiff Barron Baldwin has suffered and continues to suffer wage loss, emotional distress, humiliation, and other damages in amounts to be proven at trial.

## *SIXTH CAUSE OF ACTION:*

## *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

9.1    Plaintiff realleges paragraphs1.1 through 8.3 as if fully set forth herein.

9.2    By their acts and conduct, Defendants, and each of them intentionally inflicted emotional distress upon plaintiffs.

9.3    As a direct and proximate result of defendants' unlawful conduct, plaintiff Barron Baldwin has suffered and continues to suffer wage loss, emotional distress, humiliation, and other damages in amounts to be proven at trial.

## *SEVENTH CAUSE OF ACTION:*

## *NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS*

10.1    Plaintiff realleges paragraphs 1.1 through 9.3 as if fully set forth herein.

10.2    By their acts and conduct, Defendants, and each of them, negligently inflicted emotional distress upon plaintiffs.

10.3    As a direct and proximate result of defendants' unlawful conduct, plaintiff Barron Baldwin has suffered and continues to suffer wage loss, emotional distress, humiliation, and other damages in amounts to be proven at trial.

**WHEREFORE** Plaintiff prays for the following relief:

COMPLAINT FOR
DAMAGES - Page 11
052E1675.305

Law Offices of Robert Butler
103 E. Holly # 512
Bellingham, WA 98225
360-734-3448

·    Back pay and benefits;

·    Future wage loss and benefits;

·    Damages for defamation of character and lost career opportunities;

·    Emotional distress damages;

·    Punitive damages;

·    Attorney's fees and costs;

·    Prejudgment interest;

·    Injunctive relief;

·    Tax relief;

·    Any other relief that the Court deems just and equitable.


DATED THIS  24th   day of    October     , 2006.



 S/ Robert D. Butler
Robert D. Butler, WSBA #22475
Attorney for Plaintiff Baldwin
Law Offices of Robert Butler
103 E. Holly # 512
Bellingham, WA 98225
360-734-3448
Fax 360-734-7975
E-mail bob@rdbutlerlaw.com


COMPLAINT FOR
DAMAGES - Page 12
052E1675.305

Law Offices of Robert Butler
103 E. Holly # 512
Bellingham, WA 98225
360-734-3448

## <u>CERTIFICATE OF SERVICE</u>

I certify that the attached Document was sent by email attachment and regular U.S. mail  this day to the following:

Attorney for Defendants: Lee Corkrum, WSBA #6585   &
        Emily Harris Gant, WSBA #35679
        Ogden Murphy Wallace, PLLC
        1601 Fifth Avenue
        Seattle, WA 981010- 1686
        206-447-7000

  October  24th, 2006     /s/Emily Beschen
Date          Emily Beschen, legal assistant for
          Robert D. Butler
          Attorney for Plaintiff Baldwin

COMPLAINT FOR         Law Offices of Robert Butler
DAMAGES - Page 13        103 E. Holly # 512
052E1675.305         Bellingham, WA 98225
              360-734-3448